NOT FOR PUBLICATION

FILED

APR 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN A. SEGURA-NEIRA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71453<br><br>Agency No. A071-621-528<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 6, 2015[**]
Pasadena, California

Before: KLEINFELD, McKEOWN, and M. SMITH, Circuit Judges.

John A. Segura-Neira petitions for review of the BIA's determination that he was properly found subject to removal. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Segura is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), which provides: "Any alien who is convicted of a crime involving moral turpitude committed within five years . . . after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable."

Segura was convicted of grand theft of personal property under Cal. Penal Code § 487(a). Grand theft is a crime involving moral turpitude. *Rashtabadi v. INS*, 23 F.3d 1562, 1568 (9th Cir. 1994). Grand theft is punishable "by imprisonment in a county jail not exceeding one year." Cal. Penal Code § 489(c).

Segura argues that we should consider that while the initial offense was a felony, it was later reduced to a misdemeanor. However, regardless of whether the conviction was for a misdemeanor or a felony, the punishment for the offense can be one year. *See* Cal. Penal Code § 489(c). Cal. Penal Code § 19 does not help Segura. That statute provides that "[e]xcept in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months." Cal. Penal Code § 19. As we recently explained in *Ceron v. Holder*:

> California Penal Code section 19 specifies a general statutory maximum penalty of six months' imprisonment in the county jail for all misdemeanors, "*[e]xcept* in cases where a different punishment is prescribed by any law of this state." (Emphasis added.) That is, whenever the criminal statute in question prescribes a *different*

maximum penalty, the six-month default maximum simply does not apply.

747 F.3d 773, 778 (9th Cir. 2014) (en banc).  Such is the case here.  Cal. Penal Code § 489(c) prescribes a different maximum penalty for a grand theft misdemeanor – imprisonment in a county jail not exceeding one year – and thus "the default statutory maximum of six months, prescribed by section 19, is inapplicable." *Id*.  Therefore, because Segura meets all requirements under 8 U.S.C. § 1227(a)(2)(A)(i), he is deportable.

**PETITION DENIED.**